Belknap,　}
March 6, 1906. }

## Curtis v. Laconia Car Company Works.

In an action against a master for injuries resulting from the incompetence of a fellow-servant, evidence that the latter was under the influence of liquor at the time of the accident, that he frequently drank to excess, and that his unfitness was the natural result of habitual intemperance, is relevant.

Case, for personal injuries. Trial by jury. Transferred from the March term, 1905, of the superior court by *Stone*, J.

The evidence tended to prove the following facts: The plaintiff had worked for the defendants as a blacksmith for about eighteen months prior to his accident. His helper had been at work with him about six weeks, and the plaintiff considered him an average striker. On the morning of the accident the helper talked more and faster than was his habit and did not strike as well as usual, but the plaintiff did not notice then, or at any other time while the helper worked with him, that he had been drinking. The injury complained of was caused by the helper striking an ill directed blow which caused a pin they were straightening to strike the plaintiff in the eye. The defendants knew the helper was in the habit of getting drunk.

The plaintiff offered evidence tending to prove (1) that rapid talking was an indication that the helper had been drinking, (2) that the helper had been drunk as often as once in two weeks for the last twenty-five years, (3) that his sprees frequently lasted a week or more, and (4) that the natural result of the long continued and excessive use of liquor is to produce such an effect upon a person's system that he would be likely to strike such a blow as that which caused the plaintiff's injury. The court excluded the evidence, on the ground that there was no evidence that the helper was drunk or that he did not have full control of his nerves and muscles at the time of the accident, and ordered a nonsuit, subject to the plaintiff's exception.

*George B. Cox* and *Shannon & Tilton*, for the plaintiff.

*Jewell, Owen & Veazey*, for the defendants.

Young, J. It will be unnecessary to consider whether the court could, as claimed by the defendants, have excluded the evidence because the inference which could be drawn from it was so remote that it would be more likely to confuse than to assist

the jury in arriving at the truth, for the case shows it was not excluded for that reason, but because it had no tendency to prove that the defendants set the plaintiff at work on the day of the accident with a striker (1) whom they knew to be so far under the influence of liquor, or (2) whose system they knew was in such a condition from the excessive use of liquor, that they ought to have anticipated he would strike such a blow as that which caused the plaintiff's injury. Consequently, if the evidence had any tendency, however remote, to prove either of these facts, it was erroneously excluded. *Darling* v. *Westmoreland*, 52 N. H. 401.

It is obvious that the fact the striker was talking faster than usual on the morning of the accident, taken in connection with the fact that that was the way liquor usually affected him, has a tendency to prove he was under the influence of liquor at that time. It is also obvious that the fact the striker had used liquor to excess for twenty-five years, taken in connection with the fact that the natural and probable result of the long continued use of liquor is to produce such an effect upon a person's system as to make it probable he will strike such a blow as that which caused the plaintiff's injury, has a tendency to prove that the defendants ought to have anticipated an accident if they continued to employ such a striker. The evidence was therefore relevant to these issues. Consequently, the exception to the nonsuit must be considered as though that evidence had been admitted.

In any view of the law, it is the master's duty to use ordinary care to notify his servants of the dangers of the service which he knows, and they do not know, to be peculiar to the use of his instrumentalities or his method of conducting the business. In this case it could have been found from the evidence which was admitted and from that which was improperly excluded, that the danger incident to working with a drunken striker is not one of the dangers which are ordinarily incident to the work of a black-smith; that the defendants knew, and the plaintiff did not know, that the striker was (1) so far under the influence of liquor, or (2) in such a physical or mental condition, that they ought to have anticipated an accident if they continued to employ him; and that their failure to notify the plaintiff of this danger was the legal cause of his injury. Consequently, the order must be

*Exceptions sustained.*

All concurred.