Belknap,
June 4, 1907.

## CURTIS v. LACONIA CAR COMPANY WORKS.

CASE, for negligence causing personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1906, of the superior court by *Peaslee*, J.

This is the same case which was before the court in 73 N. H. 516. The plaintiff's evidence was substantially the same as that introduced at the former trial, together with the evidence then offered and excluded, but held to be competent by the former decision. The defendants' motions for a nonsuit and for the direction of a verdict in their favor were denied, subject to exception; also their motion to set aside the verdict on the ground that it was against the law and the evidence; also their motion, made after the jury had been discharged, to recall the jury and inquire of them whether they considered certain evidence, and to set the verdict aside if it turned out that the defendants were prejudiced for want of such consideration. The latter motion was supported by an affidavit of one of the defendants' counsel, setting forth the substance of conversations had with members of the jury after their discharge. The court denied the motion, because "it does not appear that justice requires that the jury be recalled and interrogated as to what evidence they did or did not consider in coming to their verdict."

*George B. Cox* and *Shannon & Tilton*, for the plaintiff.

*Jewell, Owen & Veazey*, for the defendants.

CHASE, J. The defendants' exceptions to the denial of the motions for a nonsuit and for an order of judgment in their favor raise the same question of law that was before the court upon the former transfer of the case, and that was then decided adversely to them. *Curtis* v. *Car Works*, 73 N. H. 516. The exception to the denial of the motion to set aside the verdict on the ground that it is against the law and the evidence raises no question of law (*Wilbur* v. *Berry*, 71 N. H. 619) and is not insisted upon. The exception to the denial of the motion to recall the jury and interrogate them as to the evidence which they considered in arriving at their verdict, etc., cannot be sustained. *Winslow* v. *Smith, ante*, 65; *State* v. *Frazier, ante*, 112.

*Exceptions overruled.*

All concurred.